**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ARNETT LEBRON YOUNG,**

     **Plaintiff,**

                                **Civil Action 2:12-cv-349**
     **v.**                            **Judge Algenon L. Marbley**
                                  **Magistrate Judge Elizabeth P. Deavers**

**GARY MOHR,** *et al.***,**

     **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Defendants' Motion to Dismiss. (ECF No. 6.)  Plaintiff, an Ohio inmate who proceed without the assistance of counsel and *in forma pauperis*, filed his Response in Opposition to Defendants' Motion on July 5, 2012.  (ECF No. 7.)  Defendants did not reply to Plaintiff's Response in Opposition, and the time for them to do so has lapsed.  For the reasons that follow, the Undersigned **RECOMMENDS** that Defendants' Motion be **GRANTED IN PART AND DENIED IN PART**.  Specifically, at this juncture, the Undersigned recommends that Defendants' Motion be **DENIED** with respect to Plaintiff's claims under § 1983 as to Defendant Bradshaw but **GRANTED** as to Defendant Mohr.  Additionally, to the extent Plaintiff's Complaint can be construed as seeking restoration of his jail-time credits, the Undersigned recommends that any such claim be **DISMISSED**.

## I. BACKGROUND

For purposes of considering Defendants' Motion, the Undersigned presumes the following facts contained in Plaintiff's Complaint to be true.  Plaintiff was sentenced to a term of

confinement of one year in 2009.  He served 144 days of his sentence in the Oriana House

Community Based Correctional Facility ("CBCF") in Akron, Ohio.  He served an additional 87

days in a CBCF in Cleveland, Ohio.  During his confinement in the CBCF programs, Plaintiff

completed Alcoholics Anonymous and Narcotics Anonymous classes.  He also engaged in

community service.

      Plaintiff was thereafter transferred to Richland Correctional Institution.  While in

Richland Correctional Institution, Plaintiff sought to have jail-time credits applied to the

remainder of his sentence.[1]  He filed four separate requests for credit with the sentencing court.

Although the court denied Plaintiff's first three requests, it granted his fourth request and ruled

that Plaintiff was entitled to 60 days of credit.[2]  Plaintiff filed an informal complaint with the

Warden of Richland Correctional Institution, Defendant Maggie Bradshaw, seeking to have the

credit applied to his sentence.  Defendant Bradshaw referred Plaintiff to her records office.

Personnel in the records office informed Plaintiff that nothing could be done in relation to his

---

      [1] Although Plaintiff's hand-written Complaint is difficult to decipher, Plaintiff appears to allege that he was entitled to credit for his participation in the CBCF programs.  Consistent with its obligation to construe Plaintiff's *pro se* Complaint liberally, *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010), the Court construes his allegations as such.

      [2] Plaintiff alleges that the sentencing court granted him sixty days of credit.  The Undersigned's independent review of the sentencing court's docket, however, reveals that the court granted Plaintiff 144 days of credit.  *State v. Arnett Young*, CR-09-527786-A, Cuyahoga County, Ohio Court of Common Pleas, 12/10/2010 docket entry.  The Court takes judicial notice of the sentencing court's docket pursuant to Federal Rule of Evidence 201.  *See* Fed. R. Evid. 201 ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also Landt v. Farley*, 2012 WL 4473209, *1 (N.D. Ohio Sept. 26, 2012) (noting that the "court may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the PACER system and via the internet.") (quotation marks and citation omitted).

2

sentence. Plaintiff was released from Richland Correctional Institution on April 12, 2011.[3] According to Plaintiff, he was incarcerated for 139 days longer than he should have been because Defendant Bradshaw refused to address his complaint about the error in his sentence.

## II. STANDARD OF REVIEW

A claim survives a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007) (internal citations omitted).

In considering whether a plaintiff's claim is facially plausible, a court must "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). In doing so, however, plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555; *see also Iqbal*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545, 548 (6th Cir. 2007). "[A] naked assertion . . . gets the complaint close to stating a claim, but without some further factual

_____

[3] Plaintiff is currently incarcerated in a different institution on an unrelated sentence.

3

enhancement it stops short of the line between possibility and plausibility . . . ." *Twombly,* 550 U.S. at 557.  Additionally, the Court must construe *pro se* complaints liberally.  *Younis*, 610 F.3d at 362; *see also Garrett v. Belmont Cnty. Sheriff's Dept.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (noting that courts hold *pro se* complaints  "'to less stringent standards than formal pleadings drafted by lawyers'") (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## III. ANALYSIS

### A.    Plaintiff's § 1983 Claim

To plead a cause of action under § 1983, a plaintiff must plead two elements: (1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law.  *Hunt v. Sycamore Cmty. School Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008).  The Undersigned discusses each of the two elements in turn below.

#### i.    Deprivation of a Constitutional right

Plaintiff alleges that Defendants, in wrongfully denying him jail-time credit, kept him incarcerated 139 days longer than was legally permissible.  The Sixth Circuit has recognized that "the Eighth and Fourteenth Amendment may be implicated when a prisoner is detained beyond his jail sentence." *Beil v. Lake Eire Corr. Records Dep't, et al.*, 282 Fed. App'x. 363, 368 (6th Cir. 2008); *see also Shorts v. Bartholomew*, 255 Fed. App'x 46, 51 (6th Cir. 2007) ("[T]hat the right at issue is secured by the Constitution and laws of the United States[] is beyond dispute: when a prisoner's sentence has expired, he is entitled to release."); *see also Sample v. Diecks*, 885 F.2d 1099, 1108 (3rd Cir. 1989) ("We think there can be no doubt that imprisonment beyond

4

one's term constitutes punishment within the meaning of the eighth amendment.")  (citing *Hutto v. Finney*, 437 U.S. 678, 685 (1978)).  Moreover, "an incarcerated inmate has 'a liberty interest in being released at the end of his term of imprisonment.'"  *Shorts*, 255 Fed. App'x at 51 (citing *Schultz v. Egan*, 103 Fed. App'x 437, 440 (2nd Cir. 2004); *Davis v. Hall*, 375 F.3d 703, 712-23 (8th Cir. 2004).  Also, courts have recognized that deprivation of good-time credits resulting in a lengthened sentence may give rise to a § 1983 claim when the inmate brings the action after his release.  *See Nonnette v. Small*, 316 F.3d 872, 877 (permitting a former inmate to bring a § 1983 action for deprivation of good-time credits that allegedly resulted in a longer sentence).

Defendants move to dismiss Plaintiff's § 1983 claim, arguing that his claim for jail-time credits became moot when Plaintiff was released from Richland Correctional Institution.  (Def.'s Mot. 4, ECF No. 6.)  The only authority Defendants cite to support their position is an Ohio Supreme Court case, *State ex rel. Gordon v. Murphy*, 112 Ohio St. 3d 329 (2006).  But that case addressed a former inmate's petition for writ of mandamus seeking an order compelling the sentencing judge to rule on a pending motion for jail-time credits.  *Id.* at 329.  Here, Plaintiff raises no argument regarding a motion for jail-time credits.  Indeed, the sentencing court granted Plaintiff's motion and awarded him 144 days of credit.  *State v. Arnett Young*, CR-09-527786-A, Cuyahoga County, Ohio Court of Common Pleas, 12/10/2010 docket entryfd.  Rather, Plaintiff raises constitutional challenges to Defendants' failure to apply his jail-time credits, which required him to serve an extra 139 days in jail.  Thus, Plaintiff's Complaint alleges facts sufficient to establish the first element of a § 1983 claim.

5

### ii.     Person Acting Under Color of State Law

The second element of a § 1983 claim requires Plaintiff to prove that a person acting under color of state law caused the constitutional violation.  *Hunt*, 542 F.3d at 534.  To sufficiently plead the second element, a plaintiff must allege "personal involvement."  *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted).  This requirement arises because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*."  *Id.* (citation omitted).  "A supervisor is not liable under § 1983 for failing to train unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it."  *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (internal quotation omitted).  Put another way, to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ."  *Id.*

Here, Plaintiff alleges sufficient facts to implicate the personal involvement of Defendant Maggie Bradshaw.  According to the allegations contained in Plaintiff's Complaint, Defendant Bradshaw is the Warden of Richland Correctional Institution.  Plaintiff alleges that he lodged a complaint with Defendant Bradshaw seeking to have credits applied to his sentence.  (Compl. 5., ECF No. 3.)  According to Plaintiff, Defendant Bradshaw declined to address his complaint, and instead referred him to her records department.  *Id.*  Consistent with its obligation to construe Plaintiff's *pro se* Complaint liberally, *Younis*, 610 F.3d at 362, the Undersigned concludes that Plaintiff has alleged personal involvement of Defendant Bradshaw sufficient to withstand a motion to dismiss.  Plaintiff's Complaint thus contains facts sufficient to establish both elements

6

of a § 1983 claim against Defendant Bradshaw. Accordingly, the Undersigned recommends that Defendants' Motion to Dismiss as it pertains to Defendant Bradshaw be **DENIED**.

The same is not the case, however, with regard to Defendant Gary Mohr. Plaintiff names Defendant Mohr as a party to the action, but does not mention him again in the Complaint. Accordingly, Plaintiff has failed to plead the requisite personal involvement of Defendant Mohr to maintain a § 1983 claim against him. *Hunt*, 542 F.3d at 534. Moreover, Federal Rule of Civil Procedure 8(a) requires a plaintiff to include within his Complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff has not alleged facts indicating that he is entitled to relief against Defendant Mohr. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (affirming dismissal of plaintiff's claim because plaintiff "failed to allege, directly or inferentially, *any* facts" in support of a material element of her claim) (emphasis in original). Thus, the Undersigned recommends that Defendants' Motion to Dismiss as it relates to Defendant Mohr be **GRANTED**.

**B.     Restoration of Jail-Time Credits**

Plaintiff "humbly asks the [C]ourt for my time of 139 days in which I was held over in Richland Correctional Institution." (Compl. 6, ECF No. 3.) This statement suggests that Plaintiff seeks relief in the form of restoration of his jail-time credits. In his Response to Opposition to Defendants' Motion to Dismiss, Plaintiff contends that he only seeks monetary relief. *See* Op. 1, ECF No. 7 ("Plaintiff has never requested the 139 days . . . that he served illegally to be transposed on his current sentence."). The Undersigned notes that a plaintiff seeking restoration of jail-time credits must bring a petition for habeas corpus relief under 28 U.S.C. § 2254. *See Lumpkin v. Wilkinson*, 103 F.3d 130, 130 (6th Cir. 1996) ("[A] claim for

restoration of good-time credits is not cognizable under § 1983, but must be pursued in a petition for writ of habeas corpus.") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973)).  Here, Plaintiff seeks relief under 28 U.S.C. § 1983.  Thus, to the extent Plaintiff's Complaint can be construed as bringing a claim for restoration of good-time credits, the Undersigned recommends that any such claim be **DISMISSED**.

## IV. CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** that Defendants' Motion be **GRANTED IN PART AND DENIED IN PART**.  (ECF No. 6.)  Specifically, at this juncture, the Undersigned recommends that Plaintiff be permitted to proceed with his claims against Defendant Maggie Bradshaw under 28 U.S.C. § 1983.  The Undersigned recommends that Plaintiff's claims against Gary Mohr be **DISMISSED** for failure to state a claim upon which relief may be granted.  Additionally, to the extent Plaintiff's Complaint can be construed as seeking restoration of his jail-time credits, the Undersigned recommends that any such claim be **DISMISSED**.

## V.  PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and

8

Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: December 3, 2012            <u>     /s/ *Elizabeth A. Preston Deavers*     </u>
                                               Elizabeth A. Preston Deavers
                                               United States Magistrate Judge