IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ARNETT LEBRON YOUNG,**

    **Plaintiff,**

    v.

**GARY MOHR,** *et al.***,**

    **Defendants.**

Civil Action 2:12-cv-349
Judge Algenon L. Marbley
Magistrate Judge Elizabeth P. Deavers

## ORDER

Plaintiff, an Ohio inmate who proceed without the assistance of counsel and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the Court for consideration of the December 3, 2012 Report and Recommendation of the Magistrate Judge, as well as Defendants' Objections to the Report and Recommendation. (ECF Nos. 9 and 11.) For the reasons that follow, Defendants' Objections are **SUSTAINED IN PART AND OVERRULED IN PART**. (ECF No. 11.) The Report and Recommendation of the Magistrate Judge is **ADOPTED IN PART AND REJECTED IN PART**. (ECF No. 9.) Plaintiff's claims are **DISMISSED**.

### I.

In her Report and Recommendation, the Magistrate Judge set forth a detailed account of the facts alleged in Plaintiff's Complaint. (Report & Recommendation 1-3, ECF No. 9.) The Court adopts the factual background set forth therein.

On June 12, 2012, Defendants filed a Motion to Dismiss arguing that Plaintiff had failed

to state a claim upon which relief may be granted as to both Defendants Mohr and Bradshaw. (ECF No. 6.) Defendants contended that Plaintiff had failed to state a claim because the sole remedy for a plaintiff seeking restoration of good-time credits is to file a writ of heabeas corpus. (*Id.* at 3.) Defendants further argued that Plaintiff's claim was moot because the term of incarceration to which good-time credits would allegedly apply had concluded. (*Id.* at 3-4.) Finally, Defendants maintained that Plaintiff's failure to allege any wrongdoing or other involvement on the part of Defendant Mohr provided an additional ground for dismissal of Plaintiff's claims against this Defendant.

The Magistrate Judge recommended that Defendants' Motion to Dismiss be granted in part and denied in part. Specifically, the Magistrate Judge recommended that the Court grant Defendants' Motion to Dismiss as it pertains to Plaintiff's claims against Defendant Mohr because Plaintiff failed even to mention Mohr in the body of his Complaint, much less allege that he engaged in activity that would subject him to liability. (Report & Recommendation 7, ECF No. 9.) The Magistrate Judge also recommended dismissal of Plaintiff's purported claims seeking restoration of his good-time credits. (*Id.* at 8.) The Magistrate Judge reached a different conclusion, however, with respect to Plaintiff's claims against Defendant Bradshaw. Relying on Sixth Circuit precedent that recognizes a former inmate's ability to bring a § 1983 claim for prison officials' failure to apply good-time credits, the Magistrate Judge concluded that Plaintiff had stated a § 1983 claim:

> The Sixth Circuit has recognized that "the Eighth and Fourteenth Amendment may be implicated when a prisoner is detained beyond his jail sentence." *Beil v. Lake Eire Corr. Records Dep't, et al.*, 282 Fed. App'x. 363, 368 (6th Cir. 2008); *see also Shorts v. Bartholomew*, 255 Fed. App'x 46, 51 (6th Cir. 2007) ("[T]hat the right at issue is secured by the Constitution and laws of the United States[] is beyond dispute: when a prisoner's sentence has expired, he is entitled to

2

release."); *see also Sample v. Diecks*, 885 F.2d 1099, 1108 (3rd Cir. 1989) ("We think there can be no doubt that imprisonment beyond one's term constitutes punishment within the meaning of the eighth amendment.") (citing *Hutto v. Finney*, 437 U.S. 678, 685 (1978)). Moreover, "an incarcerated inmate has 'a liberty interest in being released at the end of his term of imprisonment.'" *Shorts*, 255 Fed. App'x at 51 (citing *Schultz v. Egan*, 103 Fed. App'x 437, 440 (2nd Cir. 2004); *Davis v. Hall*, 375 F.3d 703, 712-23 (8th Cir. 2004). Also, courts have recognized that deprivation of good-time credits resulting in a lengthened sentence may give rise to a § 1983 claim when the inmate brings the action after his release. *See Nonnette v. Small*, 316 F.3d 872, 877 (permitting a former inmate to bring a § 1983 action for deprivation of good-time credits that allegedly resulted in a longer sentence).

Defendants move to dismiss Plaintiff's § 1983 claim, arguing that his claim for jail-time credits became moot when Plaintiff was released from Richland Correctional Institution. (Def.'s Mot. 4, ECF No. 6.) The only authority Defendants cite to support their position is an Ohio Supreme Court case, *State ex rel. Gordon v. Murphy*, 112 Ohio St. 3d 329 (2006). But that case addressed a former inmate's petition for writ of mandamus seeking an order compelling the sentencing judge to rule on a pending motion for jail-time credits. *Id.* at 329. Here, Plaintiff raises no argument regarding a motion for jail-time credits. Indeed, the sentencing court granted Plaintiff's motion and awarded him 144 days of credit. *State v. Arnett Young*, CR-09-527786-A, Cuyahoga County, Ohio Court of Common Pleas, 12/10/2010 docket entry. Rather, Plaintiff raises constitutional challenges to Defendants' failure to apply his jail-time credits, which required him to serve an extra 139 days in jail. Thus, Plaintiff's Complaint alleges facts sufficient to establish the first element of a § 1983 claim.

(*Id.* at 5.) The Magistrate Judge also determined that Plaintiff had satisfied the second

element of a § 1983 claim:

. . . Plaintiff alleges sufficient facts to implicate the personal involvement of Defendant Maggie Bradshaw. According to the allegations contained in Plaintiff's Complaint, Defendant Bradshaw is the Warden of Richland Correctional Institution. Plaintiff alleges that he lodged a complaint with Defendant Bradshaw seeking to have credits applied to his sentence. (Compl. 5., ECF No. 3.) According to Plaintiff, Defendant Bradshaw declined to address his complaint, and instead referred him to her records department. *Id.* Consistent with its obligation to construe Plaintiff's *pro se* Complaint liberally, *Younis*, 610 F.3d at 362, the Undersigned concludes that Plaintiff has alleged personal involvement of Defendant Bradshaw sufficient to withstand a motion to dismiss.

(*Id.* at 6.) Accordingly, the Magistrate Judge recommended denial of Defendants'

3

Motion to Dismiss as it relates to Defendant Bradshaw.  (*Id.* at 7.)

## II.

If a party objects to a report and recommendation within the allotted time, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.").  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

As the Magistrate Judge specifically informed the parties in her Report and Recommendation, the parties' "failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court."  (Report & Recommendation 8-9, ECF No. 9 (citing *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007).)  "Even when timely objections are filed, appellate review of issues not raised in those objections is waived."  (*Id.* at 9 (citing *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007).)

## III.

**A.     Plaintiff's Claims Against Mohr and Claims Seeking Restoration of Credits**

No party has objected to the portions of the Report and Recommendation in which the Magistrate Judge recommends dismissal of Plaintiff's purported claims against Defendant Mohr and those seeking restoration of his good-time credits.  The Court has reviewed the Report and Recommendation of the Magistrate Judge.  Noting that no objections have been filed to these

portions of the Report and Recommendation and that the time for filing objections has expired, the Court **ADOPTS** the Magistrate Judge's analysis of Plaintiff's claims against Defendant Mohr and those seeking restoration of good-time credits.  (ECF No. 9.)  Accordingly, Plaintiff's purported claims against Defendant Mohr are **DISMISSED**.  Plaintiff's purported claims seeking restoration of good-time credits are also **DISMISSED**.

**B.     Plaintiff's Claims Against Bradshaw**

Defendants object to the Magistrate Judge's recommendation that the Court deny their Motion to Dismiss as it relates to Plaintiff's claims against Defendant Bradshaw.  In their Objection, Defendants advance new arguments that they failed to present to the Magistrate Judge.[1]  First, Defendants argue that Bradshaw's refusal to remedy the error in Plaintiff's sentence amounts to mere participation in the prison grievance process.  (Obj. 4, ECF No. 11.)  As Defendants point out, participation in the handling of a prison grievance generally will not subject a prison official to § 1983 liability.  *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (citing *Shehee v. Luttrell*, 199 F.3d 295 (6th Cir. 1999)).  Rather, "liability under § 1983 must be based on active unconstitutional behavior" rather than "a mere failure to act."  *Shehee*, 199 F.3d at 300 (internal quotation marks omitted).

The Court finds Defendants' first objection lacking in merit.  Plaintiff alleges more than a mere failure to act by Bradshaw.  He alleges that he notified Bradshaw of the error regarding

---

[1]Ordinarily, a party's failure to raise an argument before the magistrate judge constitutes a waiver of that argument.  *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (holding that a party is not permitted to raise new arguments for the first time in an objection to a report and recommendation and that a failure to raise such arguments before the magistrate judge constitutes a waiver).  Here, the Court addresses Defendants' arguments for the sake of judicial economy.

credits towards his sentence and that she "in return refer[r]ed me to her records office," and "declined to do her job" or fulfil her "duty to contact the sentencing courts" to resolve the error. (Compl. 5, ECF No. 3.) Nowhere in Plaintiff's Complaint does he indicate that Bradshaw became involved through the prison grievance process. Rather, he alleges that as Warden she has a duty to correct errors in sentencing calculations and that she actively declined to do so after Plaintiff brought the issue to her attention. (*Id.*) Consistent with the Court's obligation to construe *pro se* Complaints liberally, *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010), the Magistrate Judge correctly determined that Plaintiff alleged sufficient action to state a § 1983 claim against Bradshaw.

Moreover, Defendants' argument was implicitly rejected by the Sixth Circuit's recognition of a § 1983 claim premised on a prison official's failure to apply good-time credits. *See Beil*, 282 Fed. App'x at 368 (acknowledging the validity of such claims); *Shorts*, 255 Fed. App'x at 51 (recognizing the validity of such claims). Although quite literally a warden's failure to timely release an inmate constitutes a "failure to act," the Sixth Circuit has recognized that a failure in this regard gives rise to § 1983 liability. *Beil*, 282 Fed. App'x at 368; *Shorts*, 255 Fed. App'x at 51. Defendants' first objection to the Magistrate Judge's Report and Recommendation is **OVERRULED**.

Defendants next argue, again for the first time in their Objection, that Plaintiff's claims against Bradshaw should be dismissed because Plaintiff failed to specify in his Complaint that he is suing Bradshaw in her individual capacity.[2] (Obj. 5, ECF No. 11.) According to Defendants,

---

[2]Defendants go so far as to suggest that the Magistrate Judge should have not only recognized the arguments that they failed to advance but also that she should have formulated their arguments for them and used that as a basis to recommend that their Motion to Dismiss be granted. *See* Obj. 5, ECF No. 11 ("Although the issue of capacity was not raised n Defendant's

Plaintiff necessarily seeks to sue Bradshaw in her official capacity which the Eleventh Amendment to the United States Constitution prohibits. (*Id.* at 6.) Although, again, the Court may decline to consider arguments that are wholly unrelated to the issues presented to the Magistrate Judge, *Kuenzler v. Pampur*, No. 1:08-cv-783, 2013 WL 55632, at *2 (S.D. Ohio Jan. 3, 2013) (citing *The Glidden Co. v. Kinsella*, 386 Fed. App'x 535 (6th Cir. 2010)), in the interest of judicial economy the Court will address Defendants' argument.

The Eleventh Amendment to the United States Constitution generally bars § 1983 lawsuits against state officials sued in their official capacity. *Shepherd v. Wellman*, 313 F.3d 963, 967 (6th Cir. 2002) (citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989)). As a result, plaintiffs pursuing § 1983 actions must "set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply their capacity as state officials." *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989). When a plaintiff fails to explicitly state in which capacity he sues an individual defendant, the Court applies a "course of proceedings" test to determine whether the defendant has received sufficient notice of the plaintiff's intent to hold him personally liable. *Shepherd*, 313 F.3d at 968. Pursuant to this test, to determine whether a defendant received notice of the potential for individual liability, the Court considers the nature of the plaintiff's claims, whether the plaintiff seeks compensatory or punitive damages, and the nature of any defenses raised, particularly defenses of qualified immunity. *Id*. The Court also considers whether subsequent pleadings put the defendant on

---

[Motion to Dismiss], the Magistrate Judge had the opportunity to consider its impact on this case because capacity is a central issue in at least two of the Sixth Circuit cases cited in her R&R.") Defendants are reminded that this Court is not in the business of researching and formulating arguments on behalf of even *pro se* litigants who appear before it, much less litigants who are represented by attorneys at law.

notice of the potential for individual liability.  *Id*.

The Court concludes that Plaintiff has failed to put Defendant Bradshaw on notice of the potential for individual liability.  Plaintiff's Complaint does not specify in which capacity he sues Defendant Bradshaw.  Plaintiff repeatedly refers to Bradshaw throughout his Complaint as "Warden Bradshaw" or "Warden Maggie Bradshaw."  (Compl. 1, 2, 4, 5, ECF No. 3.)  Indeed, every reference to Defendant Bradshaw in the Complaint is preceded by the label "Warden." (*Id*.)  Plaintiff even served Defendant Bradshaw with the Summons at her place of employment.[3]  (Summons 1, ECF No. 4.)  Furthermore, nothing concerning the nature of Plaintiff's claims or information contained within his subsequent pleadings would put Defendant Bradshaw on notice of the potential for personal liability.  Finally, although Plaintiff requests compensatory and punitive damages in his Complaint (Compl. 6, ECF No. 3), a request for monetary damages alone is insufficient to hold a defendant individually liable under the course of proceedings test. *See Shepherd*, 313 F.3d at 969 (rejecting the notion that a request for monetary relief is alone sufficient to put a defendant on notice of the potential for individual liability); *see also Beil*, 282 Fed. App'x at 367 (finding that the plaintiff had failed to provide the defendant with adequate notice where the only indicator of the potential for personal liability was the plaintiff's request

---

[3] The Ohio Department of Rehabilitation and Corrections website demonstrates that the address Plaintiff provided on the summons is the address of the Richland Correctional Institution.  *See* http://www.drc.ohio.gov/Public/rici.htm (setting forth the institution address). The Court takes judicial notice of the fact that the address is that of the Richland Correctional Institution pursuant to Federal Rule of Evidence 201.  *See* Fed. R. Evid. 201 ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also Landt v. Farley*, 2012 WL 4473209, *1 (N.D. Ohio Sept. 26, 2012) (noting that the "court may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the PACER system and via the internet.") (quotation marks and citation omitted).

for monetary relief).  Accordingly, Plaintiff's claims against Bradshaw are in her official capacity and are therefore barred by the Eleventh Amendment.  Defendants' second objection to the Report and Recommendation is **SUSTAINED**.  Plaintiff's claims against Defendant Bradshaw are **DISMISSED**.

### IV.

Accordingly, Defendants' Objections to the Report and Recommendation of the Magistrate Judge are **SUSTAINED IN PART AND OVERRULED IN PART**.  (ECF No. 11.)  The Report and Recommendation of the Magistrate Judge is **ADOPTED IN PART AND REJECTED IN PART** as set forth herein.  (ECF No. 9.)  Plaintiff's claims are **DISMISSED**.  The Clerk is **DIRECTED** to remove this case from the Court's pending case list.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley  
    **ALGENON L. MARBLEY**  
    **UNITED STATES DISTRICT COURT**

**DATED: February 26, 2013**